UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 FEB 28 P 4: 24

| | |
|---|---|
| Timothy M. Avery, # 122721, *aka* Timothy Maurice Avery, Petitioner, | ) C/A No. 2:06-393-MBS-RSC |
| vs. | ) Report and Recommendation |
| Raymond Reed, Warden; and Henry McMaster, Attorney General for South Carolina, Respondents. | ) |

The petitioner, Timothy M. Avery ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. He challenges his conviction and a seven year sentence he received after a jury trial on May 26, 2004, in York County, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F. 2d 387 (4th Cir. 1990).

## Background

Petitioner is a state prisoner serving a seven year sentence stemming from a conviction for shoplifting. On May 26, 2004, Petitioner was convicted after a jury trial, and he did not timely appeal his conviction. Petitioner filed for state post conviction relief ("PCR") on May 19, 2005, in York County. According to the Petition, his PCR action is still pending in York County. Petition at 13. Petitioner previously filed for federal habeas corpus relief under 28 U.S.C. § 2254 in this Court. *See* Avery v. Reed, C/A No. 2:04-22336 (D.S.C.). Petitioner's prior § 2254 petition was dismissed based on failure to exhaust state remedies, and the dismissal was affirmed on appeal. Petitioner again files for federal habeas relief prior to exhausting state court remedies.

## Discussion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be

dismissed because the petitioner has not exhausted his state remedies. With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971);and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241). The petitioner did not file a direct appeal and has not received a final decision in his PCR action, or filed an appeal of the PCR action, if the final result is not favorable. As a result, the grounds raised in the § 2254 petition have not been considered and addressed by the courts of the State of South Carolina.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F3d. 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts". In Matthews the court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been

exhausted lies with the petitioner." Id. at 910-11(citations omitted).[2] The petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies.

For many years, the Supreme Court of South Carolina has allowed a prisoner who is deprived of a direct appeal to receive a belated appellate review if a post-conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See, e.g.*, Sumpter v. State, 312 S.C. 221, 439 S.E.2d 842,7 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d 253, (1993); Gossett v. State, 300 S.C. 473, 388 S.E.2d 804, 805-807,(1990); Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986); and White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974).

In Gossett v. State, supra, the Supreme Court of South Carolina, in an appeal of a post-conviction case, granted a prisoner a belated direct appeal on all issues. In the appeal of the post-conviction case in Gossett, the Supreme Court of South Carolina stated: "[w]e concluded that Gossett did not knowingly and intelligently waive his right to a direct appeal[,] . . . granted the petition for certiorari on this ground[,] and directed the petitioner to brief his direct appeal issues for our review pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)." Gossett v. State, 388 S.E.2d at 806. At the direction of the Supreme Court of South Carolina, the appellant in Gossett was represented by the South

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See* Coleman v. Thompson, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

Carolina Office of Appellate Defense in his belated direct appeal. Gossett v. State, 388 S.E.2d (1995).

In addition to a direct appeal of a conviction and sentence, a South Carolina prisoner has available as post conviction relief the South Carolina Post Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 to 17-27-160 (PCR).[3] Petitioner has a pending application for post conviction relief, and does not indicate he has received a final decision. If a South Carolina prisoner's application for post conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post conviction

---

[3] The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases, at S.C. Code Ann. § 17-27-45, which provides:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence."

case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if a prisoner files an application for post conviction relief and the Court of Common Pleas denies post conviction relief or dismisses the post conviction relief application, the PCR petitioner must seek appellate review by the Supreme Court of South Carolina of that disposition from the PCR action, or federal collateral review of the grounds raised in his application for post conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). The petitioner has not appealed the dismissal of his application for post conviction relief and therefore has failed to exhaust his state court remedies as required.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Since the petitioner has a viable state court remedy which has not been fully utilized, the petition should be dismissed for failure to exhaust state remedies. The United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket,

pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without requiring a response by the respondents. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and Toney v Gammon, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. **The petitioner's attention is directed to the important notice on the following page.**

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

February 28th, 2006
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**